UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61533-CIV-ROSENBAUM

GREGORY MAKOZY,

    Appellant,

v.

ROSEMARY CRAWFORD,

    Appellee.
_____/

In re:

GREGORY MAKOZY,

    Debtor.
_____/

## OPINION AND ORDER

This matter is before the Court upon the Brief of Appellant Gregory Makozy [ECF No. 8] on his appeal of the Bankruptcy Court's Order Denying Debtor's Motion to Continue Automatic Stay and Transferring Case to Western District of Pennsylvania. The Court has considered the brief, all supporting and opposing filings, and the record in this case. For the reasons set forth below, the Court affirms the Bankruptcy Court's Order.

### *BACKGROUND*

On April 5, 2010, A-1 Mortgage Corporation filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Western District of Pennsylvania. *In re A-1 Mortgage Corporation*, No. 10-22459, ECF No. 1 (Bankr. W.D. Pa. Apr. 5, 2010). Maria Makozy, wife of

appellant Gregory Makozy ("Makozy"),[1] was the sole shareholder and president of A-1 Mortgage Corporation. *Id.* at 3; ECF No. 10 at 2. Two weeks after the filing of A-1 Mortgage Corporation's bankruptcy petition, Maria Makozy herself filed a Chapter 7 bankruptcy petition in her individual capacity. *In re Maria Makozy*, No. 10-22879, ECF No. 1 (Bankr. W.D. Pa. Apr. 21, 2010). Appellee Rosemary Crawford was appointed to serve as the Chapter 7 Trustee of both of these petitions. *See id.*, ECF No. 4. In 2008, prior to the filing of the bankruptcy petitions, judgment had been entered against Maria Makozy and A-1 Mortgage Corporation and in favor of a prior A-1 Mortgage Corporation employee in a civil suit brought in the Court of Common Pleas of Butler County, Pennsylvania. *See* ECF No. 10 at 1.

During the course of these Chapter 7 proceedings, Crawford initiated an adversary proceeding against Appellant Gregory Makozy, alleging that shortly before and after entry of the Pennsylvania state-court judgment, Makozy orchestrated a series of fraudulent transfers to divert funds away from A-1 Mortgage Corporation and another corporation owned by Maria Makozy. *Crawford v. Makozy*, No. 11-02128, ECF No. 1 (Bankr. W.D. Pa. Feb. 28, 2011). Crawford alleged that Makozy diverted these funds to two new Pennsylvania corporations formed by Makozy in 2008 and that he also deeded real property in Pennsylvania and Florida away from a corporation jointly owned by the Makozys to Makozy, individually. *Id.* at 4-6, ¶ 15.

The adversary proceeding in Case No. 11-02128, however, was stayed when Makozy filed his own Chapter 13 bankruptcy petition in the Southern District of Florida, *In re Gregory Michael Makozy*, No. 11-36301, ECF No. 1 (Bankr. S.D. Fla. Sept. 23, 2011), five days before the trail date

---

[1] All references in this Order to "Makozy" refer to Gregory Makozy. When the Order discusses Maria Makozy, it uses her full name.

in the adversary proceeding in Case No. 11-02128. *See* ECF No. 10 at 3. The Honorable Raymond B. Ray dismissed Makozy's Florida bankruptcy petition for failure to file necessary documents by the court-ordered due date. *Makozy*, No. 11-36301, ECF No. 11 (Bankr. S.D. Fla. Oct. 11, 2011). Judge Ray also denied Makozy's two attempts to vacate the dismissal. *Makozy*, No. 11-36301, ECF No. 16 (Bankr. S.D. Fla. Nov. 29, 2011); *Makozy*, No. 11-36301, ECF No. 27 (Bankr. S.D. Fla. Feb. 17, 2012).

After the dismissal of Makozy's bankruptcy proceeding in Florida, the trial date in Crawford's adversary proceeding against Makozy in Pennsylvania was rescheduled for June 11, 2012, but the court granted Makozy's motion to continue the trial date until August 29, 2012. *Crawford*, No. 11-02128, ECF No. 33 (Bankr. W.D. Pa. June 6, 2012). Crawford alleges that Makozy's true intent in rescheduling the trial was to allow him the time to dispose of real properties located in Pennsylvania that he owned prior to the trial and therefore avoid having liens placed on these properties as a result of the state-court judgment. ECF No. 10 at 3-4. On the eve of the rescheduled trial, the Pennsylvania bankruptcy court granted the parties' joint stipulation to enter final judgment in the adversary proceeding in favor of Crawford and against Makozy in the amount of $100,000.00. *Crawford*, No. 11-02128, ECF No. 36 (Bankr. W.D. Pa. Aug. 28, 2012).

On February 26, 2013, Makozy filed a Chapter 7 bankruptcy petition in the Southern District of Florida, his second bankruptcy petition in this district. *In re Gregory Michael Makozy*, No. 13-14226, ECF No. 1 (Bankr. S.D. Fla. Feb. 26, 2013). Crawford alleges that Makozy filed the petition in an attempt to stay Pennsylvania state-court proceedings related to Crawford's efforts to enforce the $100,000.00 judgment entered against Makozy by the Pennsylvania bankruptcy court. ECF No. 10 at 4-5. These state-court proceedings resulted in the issuance of a bench warrant against Makozy

and an order finding Makozy in contempt of court for his willful failure to comply with state-court orders to appear at depositions. *Id.* The Honorable John K. Olson dismissed Makozy's petition without prejudice, finding Makozy ineligible as a debtor under 11 U.S.C. § 109(h) because he had failed to complete budget-and-credit counseling from an approved agency in the 180 days prior to filing his petition and had no exigent circumstances that warranted exemption from this statutory requirement. *Makozy*, No. 13-14226, ECF No. 10 (Bankr. S.D. Fla. Mar. 1, 2013). Judge Olson also denied Makozy's motion to reinstate this second bankruptcy petition. *Makozy*, No. 13-14226, ECF No. 18 (Bankr. S.D. Fla. Apr. 16, 2013).

On April 11, 2013, Makozy filed a second Chapter 7 petition with the Southern District of Florida, his third bankruptcy petition in the district. *In re Gregory Michael Makozy*, No. 13-18173, ECF No. 1 (Bankr. S.D. Fla. Apr. 11, 2013). The following day, Makozy filed a Motion for Continuation of Automatic Stay. *Makozy*, No. 13-18173, ECF No. 10 (Bankr. S.D. Fla. Apr. 12, 2013). Crawford objected to the Motion and sought transfer of the case to the Bankruptcy Court for the Western District of Pennsylvania. *Makozy*, No. 13-18173, ECF No. 17 (Bankr. S.D. Fla. May 5, 2013). After a hearing on the matter, Judge Olson issued an Order that both denied the Motion to Continue Automatic Stay and also directed the Bankruptcy Clerk of Court to transfer the case to the Western District of Pennsylvania in the "interests of justice." *Makozy*, No. 13-18173, ECF No. 23 (Bankr. S.D. Fla. May 24, 2013). Makozy appeals that Order here.

In addition to the instant appeal, Makozy's third bankruptcy petition in this district also involved two adversary proceedings. The first adversary proceeding was initiated by the United States to declare as non-dischargeable the monies that Makozy owed the United States for his willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, incurred as a result of litigation

-4-

initiated in the District Court for the Western District of Pennsylvania. *United States v. Makozy*, No. 13-01518, ECF No. 1 (Bankr. S.D. Fla. July 12, 2013). Crawford brought the second adversary proceeding, alleging that Makozy failed to disclose in his bankruptcy documents conveyances of real property made within two years before the filing of his third bankruptcy petition. *Id.* at 3, ¶ 9-11. These alleged conveyances included three Pennsylvania properties and one Florida property. *Id.* at 2-3, ¶ 8.

## *STANDARD OF REVIEW*

Bankruptcy courts are governed by the Federal Rules of Bankruptcy Procedure. Under Rule 8013, Fed. R. Bankr. P., a district court reviews the factual findings of a bankruptcy court for clear error. As for the conclusions of law of the bankruptcy court and the application of the law to the particular facts of the case, a district court must conduct a *de novo* review. *See In re Feingold*, 474 B.R. 293, 294 (S.D. Fla. 2012) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009); *In re Club Assocs.*, 951 F.2d 1223, 1228-29 (11th Cir.1992)) ("The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*").

## *JURISDICTION*

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). With regard to appeals from bankruptcy courts, district courts enjoy jurisdiction over only three types of orders: (1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and (3), with leave of the court, other interlocutory orders, as described in 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. Pro. 8001(b). *Tobkin v. Calderin*, 2012 WL 3609867, at *1

(S.D. Fla. Aug. 22, 2012). As this Court has explained, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees." *Id.* at \*1–2; 28 U.S.C. § 158(a)(1).

Makozy asserts that this Court has jurisdiction because the Bankruptcy Court Order denying his Motion to Continue Automatic Stay and transferring the case to the Western District of Pennsylvania "effectively ends the case in this district," and thus, the order appealed is a final order under 28 U.S.C. § 158(a). ECF No. 8 at 7. Crawford does not challenge this Court's appellate jurisdiction. Nevertheless, a court sitting on appeal is "obligated to consider jurisdiction even if it means raising the issue *sua sponte*." *In re Celotex Corp.*, 700 F.3d 1262, 1265 (11th Cir. 2012) (citing *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008)).

As noted, 28 U.S.C. § 158(a) endows district courts with jurisdiction to hear appeals from bankruptcy-court orders without leave of the court only if those orders are (1) final orders or (2) interlocutory orders issued under 11 U.S.C. § 1121(d). 28 U.S.C. §§ 158(a)(1), (2). A party must move the district court for leave to appeal any other type of interlocutory order. *Id.* § 158(a)(3). Makozy did not first move the District Court for leave before filing his appeal. *Makozy*, No. 13-18173, ECF No. 24 (Bankr. S.D. Fla. May 24, 2013). Nor does Makozy appeal an interlocutory order issued pursuant to 11 U.S.C. § 1121(d).[2] Therefore, the Court can review the Bankruptcy Court's Order only if it is a final order.

The finality of a bankruptcy order is viewed similarly to the finality—and thus, reviewability on appeal—of orders in other contexts. *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1547 (11th Cir.

---

[2] Section 1121(d) provides that a court may for cause reduce or increase the statutory time periods that govern when a debtor or other parties in interest may file a reorganization plan. 11 U.S.C. § 1121(d).

1996) (citing *In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 725 n.2 (11th Cir. 1995); *In re Red Carpet Corp.*, 902 F.2d 883, 890 n.5 (11th Cir. 1990); *In re TCL Investors*, 775 F.2d 1516, 1518 (11th Cir. 1985); *In re International Horizons, Inc.*, 689 F.2d 996, 1000 n.6 (11th Cir. 1982)). A final order in a bankruptcy proceeding is an order that "ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *In re Atlas*, 210 F.3d 1305, 1307 (11th Cir. 2000) (quoting *In re Culton*, 111 F.3d 92, 93 (11th Cir. 1997)). Courts nevertheless "consistently consider[] finality in a more pragmatic and less technical way in bankruptcy cases than in other situations." *Jove Eng'g*, 92 F.3d at 1547-48 (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985)). As the Eleventh Circuit has explained,

> [T]he statutory requirement of finality is a flexible concept, grounded in the practicalities of the situation. This accommodative approach is vital in the context of bankruptcy. Viewed realistically, a bankruptcy case is simply an aggregation of controversies, many of which would constitute individual lawsuits had a bankruptcy petition never been filed. While the goal of the bankruptcy process is to bring all present and potential contestants together and decide all the claims at the same time, a truly simultaneous resolution is impossible. . . . [F]inality of bankruptcy orders cannot be limited to the last order concluding the bankruptcy case as a whole. . . . [A]ny order within a bankruptcy case which concludes a particular adversary proceeding should be deemed final and reviewable.

*Jove Eng'g*, 92 F.3d at 1548 (quoting *In re Martin Bros. Toolmakers, Inc.*, 796 F.2d 1435, 1437 (11th Cir. 1986)).

Thus, a bankruptcy order is a final order if it ends litigation on the merits of a particular controversy, even if it does not conclude the bankruptcy case as a whole. *See, e.g.*, *Commodore Holdings, Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir. 2003) (order that "ended the particular controversy regarding violation of the automatic stay" was a reviewable final order). An

order is not final, however, if it requires further factual or legal findings from the bankruptcy court. *Jove Eng'g*, 92 F.3d at 1548 (district-court order of remand to bankruptcy court that required the bankruptcy court to perform only ministerial duties but did not require the bankruptcy court to make further factual or legal findings was a final order).

The Eleventh Circuit has held that bankruptcy-court orders that lift an automatic stay are final orders and, thus, are reviewable on appeal. *Old W. Annuity & Life Ins. Co. v. Apollo Group*, 605 F.3d 856, 862-63 (11th Cir. 2010) (citing *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1309 (11th Cir. 1982)) ("A stay-relief order is a final order that is immediately appealable"); *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 902 (11th Cir. 1982) (order that grants relief from automatic stay is a final order under finality doctrines). Similarly, bankruptcy orders that deny a creditor relief from the automatic stay are also final and reviewable. *See In re Hoggle*, 12 F.3d 1008, 1008-09 (11th Cir. 1994) (reviewing on appeal "final order" that denied motion for relief from automatic stay).

It is true that the Bankruptcy Court Order before the Court here is in a slightly different procedural posture than the orders before the Eleventh Circuit in the cases cited above. But that difference does not alter the result. Normally, the filing of a bankruptcy petition automatically stays all other proceedings against a debtor or his property until the case is closed or dismissed, or discharge is granted or denied, unless a creditor moves the bankruptcy court for relief from the stay. 11 U.S.C. §§ 362(a), (c)(2), (d). The Eleventh Circuit cases previously cited held that orders granting or denying relief from the stay are final orders and are appealable.

Though the automatic stay normally continues until the case is closed or dismissed, if a different bankruptcy proceeding against the debtor was dismissed in the year prior to the filing of the bankruptcy proceeding at issue, the automatic stay lasts for only thirty days, but the bankruptcy

court may continue the automatic stay upon a motion of a party in interest. 11 U.S.C. §§ 362(c)(3)(A), (B). The Bankruptcy Court here denied Makozy's motion to continue the automatic stay past the thirty-day period after the filing of his petition.

Though the procedural stance of the Bankruptcy Court Order differs from that of the Eleventh Circuit cases, this Court does not consider that difference a material one with regard to the applicability of the principle that orders affecting the automatic stay are final, appealable orders. The practical effect of an order lifting an automatic stay and an order denying the continuance of a self-terminating automatic stay are the same. Furthermore, the litigation on the merits of the issue of the automatic stay has ended, and nothing remains left for the Bankruptcy Court to do with respect to this issue except execute its judgment. *See Atlas*, 210 F.3d at 1307. The portion of the Bankruptcy Court Order that denied continuance of the automatic stay is thus an appealable final order.

But the Eleventh Circuit has repeatedly held that orders to transfer cases are not final orders and thus are not reviewable on appeal. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 (11th Cir. 1996) (citing *Alimenta (USA) Inc. v. Lyng*, 872 F.2d 382, 385 (11th Cir. 1989); *Dobard v. Johnson*, 749 F.2d 1503, 1506 (11th Cir. 1985)); *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) (citing *Stelly v. Employers National Insurance Company*, 431 F.2d 1251 (5th Cir. 1970)[3]; *Accord, Ellicott Machine Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 (4th Cir. 1974); *McCreary Tire & Rubber Company v. CEAT*, 501 F.2d 1032, 1034 (3d Cir. 1974)). Because transfer orders do "not require the plaintiff to refile his law suit or expose him to the risk that his suit would be barred by the statute of limitations," transfer orders do not "preclude the plaintiff from having his day in court."

---

[3] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Middlebrooks*, 735 F.2d at 432 (citing *Stelly*, 431 F.2d at 1254). Transfer orders are therefore interlocutory orders, and not appealable final orders, because the plaintiff is "still in the federal court although in a different room." *Id.*

"It is well settled that a transfer order is not appealable as a final order under 28 U.S.C. § 1291," *Grayson*, 79 F.3d at 1094, and "'finality' under § 1291 is viewed similarly to 'finality' under [28 U.S.C.] § 158(d)," the provision that limits the jurisdiction of the court of appeals in the bankruptcy context to only final orders.[4] *Jove Eng'g*, 92 F.3d at 1547. In addition, controlling precedent has held that transfer orders are not final orders for the purpose of appeal under a variety of statutory bases for the transfer. *See Dobard*, 749 F.2d at 1506 (transfer under 28 U.S.C. § 2241); *Middlebrooks*, 735 F.2d at 432 (28 U.S.C. § 1631); *Stelly*, 431 F.2d at 1253 (28 U.S.C. § 1406(a)); *Koehring Co. v. Hyde Const. Co.*, 324 F.2d 295, 296 (5th Cir. 1963) (28 U.S.C. § 1404(a)).

Here, Judge Olson ordered the transfer of the entirety of Makozy's bankruptcy proceeding to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1412. ECF No. 2-6 at 8. The transfer in no way ended the litigation on the merits of all the claims at issue in Makozy's third bankruptcy proceeding. *See Atlas*, 210 F.3d at 1307. Makozy is not required to refile his lawsuit, nor will he be exposed to the risk than any claims may be barred by the statute of limitations. *See Middlebrooks*,

---

[4] While 28 U.S.C. § 158(a) allows a district court to hear appeals from "final judgments, orders, and decrees," and in certain situations, interlocutory orders of the bankruptcy court, § 158(d) allows a circuit court of appeals to hear appeals of only "final decisions, judgments, orders, and decrees" of district courts or bankruptcy appellate panels in the bankruptcy context. *See Celotex*, 700 F.3d at 1265 (quoting *F.D.R. Hickory House*, 60 F.3d at 725) ("Although a *district court*, at its discretion, may review interlocutory judgments and orders of a bankruptcy court, *see* 28 U.S.C. § 158(a), a court of appeals has jurisdiction over only final judgments and orders entered by a district court or a bankruptcy appellate panel sitting in review of a bankruptcy court, *see* § 158(d)." (emphasis original)).

735 F.2d at 432. Litigation on the merits of the controversies at issue in the bankruptcy proceedings will continue in federal court, "although in a different room." *Id.* Given the strong controlling precedent that transfer orders are not final orders for the purpose of appeal whatever the statutory context, this Court can discern no reason to stray from that principle here. Accordingly, the Court is without jurisdiction to review the portion of Judge Olsen's Order that transferred the bankruptcy proceedings to the Western District of Pennsylvania.

## *DISCUSSION*

Returning to the merits of Makozy's appeal of the portion of the Bankruptcy Court Order that denied continuance of the automatic stay, the Court disagrees with Makozy's contention that the Court should reverse the Bankruptcy Court's Order because none of the statutory factors leading to a presumption of bad faith apply to Makozy.

As noted above, in most circumstances, the filing of a bankruptcy petition will trigger an automatic stay of all actions against the debtor that continues until the case is closed, the case is dismissed, or a discharge is granted or denied. 11 U.S.C. §§ 362(a), (c)(2). But if during the one-year period before the filing of the bankruptcy petition, another bankruptcy case concerning the debtor was pending but then dismissed, the automatic stay terminates thirty days after the filing of the most recent petition.[5] 11 U.S.C. § 362(c)(3).

---

[5] 11 U.S.C. § 362(c) provides,

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . .
>
> (A) the stay under subsection (a) with respect to any action

A bankruptcy court may, nevertheless, continue the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), which provides,

> [O]n the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . .

*Id.* § 362(c)(3)(B). Section 362(c)(3)(C) lists factors under which "a case is presumptively filed not in good faith (but such presumption can be rebutted by clear and convincing evidence to the contrary)" for the purposes of determining whether to continue the automatic stay under § 362(c)(3)(B). *Id.* § 362(c)(3)(C).

Pursuant to § 362(c)(3)(B), the Bankruptcy Court held a hearing concerning the continuance of the automatic stay before ending the stay. *See* ECF No. 3. While neither the transcript of the hearing nor the Order itself indicates that the Bankruptcy Court expressly held that Makozy's third bankruptcy petition was not filed in good faith, the Bankruptcy Court clearly stated that the hearing was held under § 362(c). ECF No. 2-6 at 7. And the Bankruptcy Court expressly explained that it was denying the automatic stay after considering "careful review of the record, the docket, the past cases [involving Makozy], and . . . arguments from [Makozy]." *Id.* at 7-8. In addition, at the hearing, Crawford relied heavily on allegations that Makozy's litigation history constituted a "pattern of

---

<p style="padding-left: 3em;">taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;</p>

11 U.S.C.A. § 362(c).

abuse," ECF No. 3 at 3:19-:20, and demonstrated "clear indicia of bad faith," *id.* at 6:17. Crawford further argued that Makozy was "using the [Bankruptcy] Code as a sword . . . and . . . has been on the run from the litigation in Pennsylvania [for] quite a while, and is using this District to do it." *Id.* at 7:4-:8. Particularly in view of the Bankruptcy Court's statement that its decision relied on a "careful review of the record, the docket, the past cases [involving Makozy], and . . . arguments from [Makozy]," ECF No. 2-6 at 7-8, the finding of a lack of good faith seems implicit in the Bankruptcy Court's denial of the stay. A finding that Makozy filed his petition in bad faith would be a "finding of fact reviewable under the clearly erroneous standard." *In re Saylors*, 869 F.2d 1434, 1438 (11th Cir. 1989) (citing *Downey Sav. and Loan Ass'n v. Metz (In re Metz)*, 820 F.2d 1495, 1497 (9th Cir. 1987); *Public Finance Corp. v. Freeman*, 712 F.2d 219, 221 (5th Cir. 1983)).

Makozy argues that none of the factors enumerated under § 362(c)(3)(C) that create a rebuttable presumption of bad faith apply to the filing of his bankruptcy petition. ECF No. 8 at 11-13. Crawford argues that two of the enumerated factors apply because, according to Crawford, more than one previous case was pending within the preceding one-year period and no substantial change in the financial or personal affairs of Makozy occurred since the dismissal of his next most previous case. ECF No. 10 at 6-7.

The first enumerated factor provides for a rebuttable presumption of a bad-faith filing if "more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period." 11 U.S.C. § 362(c)(3)(C)(i)(I). Crawford seemingly argues that two cases were pending in the one-year period before the filing of the third bankruptcy petition and that these two cases were (1) Makozy's second bankruptcy petition, filed on February 26, 2013, and dismissed on March 1, 2013, and (2) Makozy's March 8, 2013, Motion

to Reinstate that case, denied on April 16, 2013. *See Makozy*, No. 13-14226, ECF No. 18 (Bankr. S.D. Fla. Apr. 16, 2013). Crawford cites no case law that would suggest that this Court should consider Makozy's Motion to Reinstate, which was docketed as a motion in his second bankruptcy proceeding, as a separate and distinct case from the second bankruptcy proceeding. Because the Court is unpersuaded that the Motion should count as a separate case, the first enumerated factor does not apply.

The second factor at issue considers whether "a substantial change in the financial or personal affairs of the debtor [has occurred] since the dismissal of the next most previous case under chapter 7, 11, or 13." 11 U.S.C. § 362(c)(3)(C)(i)(III). Makozy's February 26, 2013, petition states that, as of that time, he had $700.00 in assets and $750.00 in "possible" monthly income, while his April 11, 2013, petition listed $1,321.00 in assets and $321.15 in monthly income. *Makozy*, No. 13-14226, ECF No. 1 at 6 (Bankr. S.D. Fla. Feb. 26, 2013); *Makozy*, No. 13-18173, ECF No. 1 at 4-5 (Bankr. S.D. Fla. Apr. 11, 2013). These filings reveal no substantial change in Makozy's financial or personal affairs between March 1, 2013—the date his second petition was dismissed—and April 11, 2013—the date of the filing of his third petition. Thus, it would not have been clearly erroneous for the Bankruptcy Court to determine that it could not continue the automatic stay because of this factor.

Moreover, the Bankruptcy Court was not necessarily limited to determining that the filing was made in bad faith because of only these enumerated factors. Section 362(c)(3)(C) provides that the existence of any of the enumerated factors would lead to a rebuttable presumption of bad faith, but the language of the provision in no way limits the bankruptcy court to finding good or bad faith based on only those factors. 11 U.S.C. § 362(c)(3)(C). Indeed, the Eleventh Circuit has provided

guidance on other factors that may be considered when determining whether a bankruptcy petition was filed in bad faith, including,

> (1) the amount of the debtor's income from all sources;
> (2) the living expenses of the debtor and his dependents;
> (3) the amount of attorney's fees;
> (4) the probable or expected duration of the debtor's [reorganization] plan;
> (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of [the Bankruptcy Code];
> (6) the debtor's degree of effort;
> (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
> (8) special circumstances such as inordinate medical expense;
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
> (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;
> (11) the burden which the plan's administration would place on the trustee.

*In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983).

Makozy himself admits in the Reply Brief that he filed his first bankruptcy petition "in order to buy time."[6] ECF No. 11 at 3. Makozy has exhibited repeated attempts to abuse the automatic stay provisions of bankruptcy law and obfuscate his assets from judgment creditors and the bankruptcy court. He has also demonstrated a willful failure to comply with state-court orders. Therefore, it would not have been clearly erroneous for the Bankruptcy Court to determine that Makozy's filing of his third bankruptcy petition was in bad faith based on "(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of [the Bankruptcy Code]; . . . (9) the frequency with

---

[6] Makozy's Initial Brief was filed by his counsel. ECF No. 8. Counsel thereafter moved to withdraw because of an irreconcilable conflict with Makozy, so Makozy filed his Reply Brief *pro se*. *See* ECF No. 9.

which the debtor has sought relief . . .; [and] (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors." *Kitchens*, 702 F.2d at 888-89.

Finally, even if the Bankruptcy Court's decision is not viewed as a finding of fact that Makozy filed in bad faith, the Bankruptcy Court's determination still must be upheld. The Court returns to the language of § 362(c)(3)(B), which expressly states that the bankruptcy court "*may* extend the stay . . . *only if* the party in interest demonstrates that the filing of the later case is in good faith." 11 U.S.C. § 362(c)(3)(B) (emphasis added). If a bankruptcy court determines that the debtor filed the later case in bad faith, the bankruptcy court cannot extend the automatic stay. But if the bankruptcy court determines that the case was filed in good faith, it remains in the bankruptcy court's discretion whether to extend the stay—the bankruptcy court *may* extend the stay on a showing of good faith, but it is not required to do so.

Thus, even assuming that the Bankruptcy Court did not determine that Makozy had filed his third bankruptcy petition in bad faith, the Bankruptcy Court still retained discretion to deny the Motion to Continue Automatic Stay. Given Makozy's protracted and questionable history in bankruptcy and state courts, this Court finds no abuse of discretion in the Bankruptcy Court's conclusion that a continuance of the automatic stay was unwarranted.

## *CONCLUSION*

For the foregoing reasons, the Bankruptcy Court's Order Denying Debtor's Motion to Continue Automatic Stay and Transferring Case to Western District of Pennsylvania is **AFFIRMED** and Makozy's appeal is **DENIED**. The Clerk of Court shall **CLOSE** this case. All pending motions

are **DENIED as MOOT.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 22nd day of November 2013.

                                                      ROBIN S. ROSENBAUM
                                                      UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record